PER CURIAM.
Defendant appeals from the summary denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Defendant raises two points in his motion. The second point, alleging ineffective assistance of counsel, has no merit. Knight v. State, 394 So.2d 997 (Fla.1981).
However, in his first point, defendant claims that, prior to accepting defendant’s guilty plea, the trial court failed to personally inform defendant about the nature of the charge against him and the consequences of his guilty plea and about his rights to remain silent and to confront witnesses. Defendant’s allegation, if true, might be contrary to the requirements of Florida Rule of Criminal Procedure 3.172 and might entitle defendant to relief. The trial court, however, failed to conduct an evidentiary hearing or to attach portions of the record which refute the allegation.
Accordingly, the trial court’s denial of defendant’s motion is reversed and the case is remanded to the trial court. On remand, the trial court may either again summarily deny the motion as to the allegation specified and attach to its order those portions of the record which conclusively show that defendant is not entitled to relief or hold an evidentiary hearing and then rule on the allegations presented in the motion. See Halpin v. State, 428 So.2d 703 (Fla. 2d DCA 1983).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
OTT, C. J., and CAMPBELL and LEHAN, JJ., concur.